**Thomas M. DEACON, Plaintiff,**

v.

**INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL NO. 12, et al., Defendants.**

**No. 65–589.**

United States District Court C. D. California.,

April 6, 1967.

Gaston, Keltner & Adair, by Robert A. Gaston, Beverly Hills, Cal., for plaintiff.

Brundage & Hackler, by Julius Reich, Los Angeles, Cal., for defendants.

## MEMORANDUM OPINION SETTING FORTH GROUNDS FOR DECISION

WHELAN, District Judge.

In this action the Court has filed a minute order dated March 31, 1967, by

the terms of which it is provided that plaintiff will be given judgment, holding that plaintiff's expulsion by defendant International Union of Operating Engineers, Local No. 12 (hereinafter referred to as defendant Union) was unlawful and that plaintiff is entitled to restoration to membership in defendant Union. This memorandum sets forth the reasons for the Court's decision.

By the issues defined in the pretrial conference order and the supplement to such pretrial conference order, plaintiff sued defendants charging his unlawful expulsion from defendant Union and for judgment, adjudicating that such expulsion was unlawful and that plaintiff is entitled to be restored to membership in defendant Union.[1] The facts and issues concerning such expulsion and the affirmance of the expulsion by the General Executive Board of the International Union (hereinafter referred to as General Executive Board), of which defendant Union is a local branch, are set forth in the supplement to the original pretrial conference order in which supplement the parties stipulated that no formal supplemental complaint need be filed to incude the same issues of expulsion and affirmance thereof as a part of the issues in the case so that it may be considered that the issue of such expulsion by the defendant Union and affirmance of such expulsion by the General Executive Board have been raised in appropriate pleadings and that such issue has been joined thereon.

## PLAINTIFF EXHAUSTED NECESSARY INTRA-UNION REMEDIES

■ Defendants' contention that plaintiff has not exhausted all of his intra-union remedies and that, therefore, plaintiff's action should be dismissed is without merit. After the order of ex-

pulsion by defendant Union the plaintiff took an appeal in a manner provided for by the Union Constitution to the General Executive Board. The taking of such appeal stayed the expulsion pending the determination of the appeal. On February 10, 1966, the General Executive Board denied the appeal of plaintiff. The Union Constitution provided for further appeal from the General Executive Board to the next General Convention of the International Union, of which defendant Union is a Local. However, such next General Convention will not take place until April 1968. The Union Constitution, in Article XVII, Section 4, provides that the restriction on the right of the Union member to bring an action at law before all intra-union remedies and procedures in appeal have been exhausted, shall only require resort by such Union member to internal remedies for a period not exceeding four months. Thus the plaintiff did exhaust all of his intra-union remedies and procedures before bringing this action on for trial. Accordingly, it is not necessary to reach the point raised by plaintiff that because the delay of the General Executive Board in notifying him of such Board's action, he, the plaintiff in fact had an unreasonable time, to wit, only seven days in which to perfect his appeal and file all of the necessary documents in support thereof required by the terms of Article XVII, Section 2, of the Union Constitution.[2]

## THERE IS NO INDISPENSABLE PARTY NOT JOINED HEREIN BY PLAINTIFF

■ The contention of defendants that the International Union of which defendant Union is a local branch is an indispensable party is rejected by the Court. This contention of defendants is based upon their argument that the ac-

1. This action when originally filed sought injunctive relief against the conducting of a trial by defendant Union. The Court denied a motion for injunction pendente lite. A Union trial was subsequently held and plaintiff was expelled from the Union during the pendency of this action.

2. This constitutional provision requires the perfecting of an appeal to the General Convention within 30 days of the rendition of the decision of the General Executive Board. Plaintiff contends he did not receive notice of the February 10 decision until March 3.

tion which in fact expelled plaintiff from the Union was not the action of defendant Union but in fact the action of the General Executive Board. Defendants argue that the General Executive Board had a "trial de novo" at which evidence which was not produced at the trial of plaintiff by defendant Union on the expulsion charge was considered by the General Executive Board. It is the Court's opinion that plaintiff was expelled by defendant Union: The Union Constitution provides for expulsion by the local Union; the stay of expulsion by the taking of an appeal to the General Executive Board by the expelled Union member; and that "the General Executive Board shall proceed to hear the appeal, either upon the record or upon retrial, or both, and render its decision thereon." (Article XVII, Section 1 (b), Union Constitution.) In this case the General Executive Board heard plaintiff's appeal upon both record and further evidence. Throughout the hearing before the General Executive Board it is clear that the members thereof considered that they were hearing an appeal from the defendant Union action. The appeal had solely to do with the trial of plaintiff before the local Union on the charge levelled against plaintiff by defendant Seymour. At page 19 of the transcript of the hearing before the General Executive Board on November 17, 1965, Board member McDonald stated "We are here for a hearing on appeal. This is not a trial." The notice of the General Executive Board addressed to plaintiff advising him of the action of the General Executive Board stated that such Board denied the appeal of plaintiff and "upheld and affirmed" plaintiff's expulsion. Article XXIII, Subdivision 6, of the Union Constitution makes clear that it is the lccal Union which approves the admission of new members into the local Union while Article XXIII, Subdivision 7, Section (1) of the Union Constitution gives to the local Union, here defendant Union, the power to expel its members.

It may be noted that the only evidence of any significance which was produced before the General Executive Board and not at the local Union trial was evidence produced by the complaining Union member, defendant Seymour, establishing that actually plaintiff was expelled by the local Union not because of the matter set forth in the charge upon which plaintiff was tried by defendant Union, but because of plaintiff's general reputation among members of defendant Union; as well as evidence produced by plaintiff showing that plaintiff did not make or authorize the making of a statement to the public press to the effect that plaintiff had recovered judgment against defendant Union.

Because of the Court's holding that the International Union of which defendant Union is a local branch is not an indispensable party for the reasons hereinbefore stated, it is not necessary to discuss the jurisdictional problems in obtaining personal jurisdiction over the effective officers and General Executive Board of the International Union who are citizens of a state other than California.

## PLAINTIFF WAS EXPELLED FROM DEFENDANT UNION BECAUSE OF HIS PROTECTED ACTIVITIES UNDER THE LANDRUM GRIFFIN ACT

Plaintiff was tried by defendant Union on a charge instituted by defendant Seymour, a member and business manager of defendant Union. This charge in pertinent part was: "Thomas Deacon was responsible for an article that appeared in the December 10, 1964, issue of the Valley Times newspaper. This action of Deacon's was outside the confines of the local Union and reflects loss of dignity to the membership of Local No. 12. The article itself is not the issue; the issue is that Thomas M. Deacon made public his personal opinions and accusations regarding members of Local No. 12."

■ Section 411(a) (2) of Title 29, United States Code, gives to every mem-

ber of any labor organization the right to meet and assemble freely with other members and to express at meetings of the labor organization his views upon any business properly before the meeting, subject to the organization's established and reasonable rules pertaining to the conduct of meetings; *but* the section just cited also gives to a member of any labor organization the right * * * *"to express any views, arguments, or opinions."* (Italics supplied) Section 529 of Title 29, United States Code, makes it unlawful for any labor organization to expel or discipline any of its members for exercising any such right. The Legislative History of the statute supports the interpretation that the language of the statute just quoted and italicized permits a labor union member to express any views, arguments or opinions wherever and whenever such member may desire so to do, provided that such labor union member does not violate his responsibility towards the union as an institution or interfere with the union's performance of its legal or contractual obligations.

■ In the instant case there is no evidence that plaintiff violated any reasonable rule as to his responsibility towards defendant Union as an institution and his conduct did not interfere with defendant Union's performance of its legal or contractual obligations. The charge itself as set forth in the pretrial conference order charges action on the part of plaintiff which reflects loss of dignity of the *membership* (italics supplied) of defendant Union and that plaintiff made public his personal opinions and accusations regarding *members* (italics supplied) of defendant Union. In any event plaintiff did not make any statement to the public press which reflected upon defendant Union as an institution; in fact, he made clear at the press conference that he had never sued defendant Union; furthermore, before any charge was brought against him he had caused the newspaper in which the questioned article was published to publish a retraction of its quotation of plaintiff to the effect that plaintiff had recovered judgment against defendant Union.

■ The Legislative History of the statute in question makes clear that the punctuation (a semicolon) just before the quoted and italicized portion of Section 411(a) (2) and just after the quoted and italicized portion of Section 411(a) (2) was designed to make it clear that constitutional safeguards of free speech were afforded union members outside the union hall without fear of reprisal from the Union or any of its other members. The following quotations from the Congressional Record show such legislative intent:

"MR. COOPER: I think it is wise to make some Legislative History on the point. I assume the purpose of placing a semicolon at that point is to assure if there is any question about it that constitutional safeguards of free speech shall be preserved outside the union hall.

"MR. McCLELLAND: The purpose is to make certain that union members shall have freedom of speech not only in a union hall but outside." Cong. Rec. 6717–6726. Senate Debate April 25, 1959.

The right of a Court in a proper case to give judgment holding the expulsion of a union member unlawful and restoring such member to union membership is clear. International Brotherhood of Boilermakers, etc. v. Rafferty et al., 9th Cir. 1965, 348 F.2d 307. This Court holds that this is a proper case for such relief.

While the case of International Brotherhood of Boilermakers, etc. v. Rafferty et al., supra, does not reach the question of public dissemination of a labor union member's opinions about his fellow members and officers, the reasoning of such cited case would seem to be applicable here and to support this Court's holding. Also see Salzhandler v. Caputo, 2nd Cir. 1963, 316 F.2d 445, 449.

There has been no proof as to any damages suffered by plaintiff so that

no recovery for money damages will be allowed to him.

Attorney for the plaintiff is directed to prepare, serve and lodge Findings of Fact and Conclusions of Law consistent herewith, and to prepare and lodge a formal written judgment.